UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MAKEBA ATKINS**,<br><br>        Plaintiff,<br><br>        v.<br><br>**NAVAL SEA SYSTEMS COMMAND,** et al.,<br><br>        Defendants. | Case No. 24-cv-02466 (CRC) |

**OPINION**

In this employment dispute, *pro se* plaintiff Makeba Atkins claims that the Naval Sea Systems Command discriminated against her on the basis of her sex, refused to accommodate her disability, and unfairly placed her on unpaid leave because her security clearance was revoked. For the reasons given below, the Court will dismiss this case.

**I.    Background**

At all relevant times, Ms. Atkins was employed as a systems engineer by the Naval Sea Systems Command, a part of the Department of Navy located in Washington, D.C. See Compl. at 5; Atkins Opp'n at 3. She raises three employment-related claims against the Command. First, Atkins claims that, beginning in 2016, her superiors "engaged in and allowed others to engage in a continuous pattern of verbal, sexual, and physical harassment in the workplace." Compl. at 5. Second, Atkins alleges that the harassment she suffered was unlawful retaliation in response to her request for accommodations for her mental and physical disabilities. Atkins Opp'n at 3. Third, Atkins claims that the Command unlawfully put her on unpaid leave in 2018 after she lost her security clearance for discriminatory reasons. Compl. at 5; Atkins Opp'n at 3.

Atkins filed internal administrative complaints raising these issues in 2018 and 2019. See Compl. at 5; see Compl. Ex. A at 1. According to official records, the Navy dismissed those complaints in April 2019. See Defs.' Stmt. of Material Facts ¶ 4.[1] Atkins then forwarded the dismissal to the Equal Employment Opportunity Commission, which dismissed her complaint for lack of jurisdiction in September 2019. Id. ¶¶ 6–8. Three years later, in November 2022, Atkins sued the Command and several of her superiors in the Northern District of Alabama under Title VII of the Civil Rights Act of 1965, 42 U.S.C. § 2000e et seq., and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112 et seq. Compl. at 3.

The government moved to dismiss in the Alabama court for improper venue and failure to exhaust administrative remedies. ECF 13. That court agreed with the government as to venue and transferred the case to this Court. Order of June 29, 2023 at 9–13. After the transfer, the government moved again to dismiss.

## II. Legal Standard

To survive a Rule 12(b)(6) motion, the complaint must present "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible on its face if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (citing Twombly, 550 U.S. at 556). The Court "assumes the truth of all well-pleaded factual allegations in the complaint and construes reasonable inferences from those

---

[1] Some of the specific dates for relevant agency decisions are not included in the Complaint. The Court takes judicial notice of the missing dates, which are identified in Defendants' Statement of Material Facts. See Vasser v. McDonald, 228 F. Supp. 3d 1, 10 (D.D.C. 2016) (citation omitted) ("[C]ourts have taken judicial notice of Final Agency Decisions, especially for background information such as dates of filings."). Atkins also did not dispute any of these dates in her opposition to defendants' motion.

allegations in the plaintiff's favor but is not required to accept the plaintiff's legal conclusions as correct." Sissel v. U.S. Dep't of Health & Hum. Servs., 760 F.3d 1, 4 (D.C. Cir. 2014) (citation omitted).

Complaints filed by *pro se* plaintiffs are "held to less stringent standards than formal pleadings drafted by lawyers[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Brown v. Whole Foods Mkt. Grp., 789 F.3d 146, 150 (D.C. Cir. 2015). "[A] district court must consider together all allegations that *pro se* plaintiffs make in their pleadings – including in their oppositions – when resolving a motion to dismiss." Elghannam v. Nat'l Ass'n of Bds. of Pharmacy, 151 F. Supp. 3d 57, 60 n.1 (D.D.C. 2015) (Cooper, J.) (citing Brown, 789 F.3d at 151). Still, a *pro se* plaintiff must "plead factual matter that permits [the Court] to infer more than the mere possibility of misconduct[.]" Brown, 789 F.3d at 150 (citation omitted) (quotation marks omitted).

**III.   Analysis**

The Court will grant the government's motion to dismiss. Atkins's Title VII claims are untimely, while her ADA claims fail because the ADA does not cover claims by federal employees against their government employers. The Court will also deny Atkins leave to amend her complaint.

   A.  Title VII

Federal employees suing their government employers under Title VII must sue within 90 days of final agency action. Price v. Bernanke, 470 F.3d 384, 388–89 (D.C. Cir. 2006). This timing requirement is "strictly construed[,] . . . even where the plaintiff is proceeding *pro se*." Ruiz v. Vilsack, 763 F. Supp. 2d 168, 173 (D.D.C. 2011) (citations omitted). Here, Atkins sued three years after final agency action. The Navy and the EEOC both dismissed her complaints in

2019. Defs.' Stmt. of Material Facts ¶¶ 4, 8. Regardless of which dismissal is the operative final agency action, Atkins did not sue until 2022, well after the 90-day deadline. None of her filings identifies any other agency proceedings or actions that might have tolled her filing deadline; indeed, her opposition to defendants' motion does not respond at all to defendants' timeliness arguments. See Atkins Opp'n. The Court will therefore dismiss Atkins's Title VII claims as untimely.

### B. ADA

The ADA does not apply to Atkins's claims. The ADA generally prohibits employers from discriminating against employees on the basis of disability. 42 U.S.C. § 12112(a). But the Act specifically provides that the United States government is not an "employer" under the ADA. Id. § 12111(5)(B)(i). Atkins does not address the ADA's carveout, so her ADA claims "fail as a matter of law." Kelly v. Raimondo, No. 20-cv-3203 (RDM), 2022 WL 14807447, at *5 (D.D.C. Oct. 26, 2022). The Court therefore dismisses Atkins's ADA claims for failure to state a claim.[2]

### C. Leave to Amend

Finally, the Court will deny Atkins leave to amend for two independent reasons.

---

[2] Defendants argue that the Court should dismiss the ADA claims for lack of jurisdiction. Ordinarily, however, the lack of a cause of action "does not implicate subject-matter jurisdiction." Araya v. JPMorgan Chase Bank, N.A., 775 F.3d 409, 414 (D.C. Cir. 2014) (quoting Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998)). Courts have recognized that some claims are so legally insubstantial as to bar federal jurisdiction, such as when "prior Supreme Court decisions inescapably render the claims frivolous." Doe #1 v. Am. Fed'n of Gov't Emps., 554 F. Supp. 3d 75, 93 (D.D.C. 2021) (citation omitted) (cleaned up). But here, defendants have not identified any prior binding decisions that "inescapably" bar Atkins's claims. See Defs.' Mot. Dismiss at 5–9 (relying only on district court opinions).

First, Atkins did not attach a proposed amended complaint as required by Local Civil Rule 15.1.  See Kelly, 2022 WL 14807447, at *6 ("[E]ven *pro se* litigants must comply with the Federal Rules of Civil Procedure." (cleaned up)).

Second, amendment would be futile.  An amendment is futile when the amended claims "would not survive a motion to dismiss."  James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996) (citation omitted). Here, Atkins has not identified any potential facts she could include to toll or otherwise extend the applicable 90-day deadline.  As best the Court can tell, the only amendments she would make would be to change her ADA claims to Rehabilitation Act claims.  See Atkins Opp'n at 2.  That change, however, would not make a difference.  Claims under the Rehabilitation Act, like claims under Title VII, also must be filed within 90 days of final agency action.  Featherston v. District of Columbia, 910 F. Supp. 2d 1, 10 (D.D.C. 2012); see 29 U.S.C. § 794a(a)(1).  As discussed above, this suit was filed well outside that time period.  So even if the Court were to grant Atkins leave to amend, the case would still be dismissed.

## IV. Conclusion

For these reasons, the Court dismisses Atkins's claims for failure to state a claim and denies leave to amend.  A separate Order follows.

_____
CHRISTOPHER R. COOPER
United States District Judge

Date: June 23, 2025

5